**In re David Scott REYNAERT and Dianne Elizabeth Reynaert, Debtors.**

**UNION PLANTERS BANK, Plaintiff,**

**v.**

**David Scott REYNAERT, Defendant.**

Bankruptcy No. 97–17073–9P7.

Adversary No. 98–44.

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

June 3, 1998.

Julia M. Pike, Louisville, KY, Marshall Cohen, Ft. Myers, FL, for plaintiff.

David S. Reynaert, Lehigh, FL, Pro Se.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a challenge to the dischargeability of a debt owed by the Defendant, David Scott Reynaert (Debtor) to Plaintiff, Union Planters Bank (Bank), who filed a complaint based upon 11 U.S.C. § 523(a)(2)(A).

The underlying facts in this matter are not in dispute. The debtor obtained a $2,500 cash advance using a Visa credit card (Account Number 4455083500324353) which was posted by the Bank on September 2, 1997. The account had a previous balance of $1,616.41. The Debtor made his last payment toward the credit card balance on September 22, 1997, leaving an outstanding balance of $4,104. Forty-three days after he received the cash advance, on October 15, 1997, the Debtor and his spouse filed their voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

The Bank commenced this adversary proceeding on January 22, 1998. Its complaint contended that the debt incurred as a result of the cash advance is nondischargeable under 11 U.S.C. § 523(a)(2)(A). (Doc. No. 1). Specifically, the Bank contends that when the Debtor obtained the cash advance, the Debtor fraudulently represented that he had the ability and the intention to repay the debt, and the Bank justifiably relied on the Debtor's representation. Further, the Bank con-

tends that at the time the Debtor obtained the cash advance, he had no intention to repay the debt, nor the ability to repay the debt. Hence, the Bank contends that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

The Debtor, on the other hand, contends that at the time he obtained the cash advance, he had every intention of repaying the debt. The Debtor contends that he loaned the money obtained by the advance to Global Services, Inc., an investment corporation operating from Nassau, Bahamas. At the final evidentiary hearing held on May 8, 1998, the Debtor offered into evidence a receipt for $5,000 from Global Services, dated August 31, 1997. (Defendant's Exhibit 1). The receipt bears the signature of the Debtor, and Robert Reynaert, the Debtor's nephew, who was also Global Services' consultant for the transaction.

 Section § 523(a)(2)(A) of the Bankruptcy Code excepts from discharge, inter alia, money obtained by "false pretenses, a false representation, or actual fraud . . . ." Furthermore, 11 U.S.C. § 523(a)(2)(C) provides in pertinent part,

[F]or purposes of subparagraph (A) of this paragraph, . . . cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the order for relief under this title, are presumed to be non-dischargeable.

Courts have held that to successfully bring an action under 11 U.S.C. § 523(a)(2)(A), a creditor must prove "actual fraud." *AT&T Universal Card Services Corp. v. Chinchilla (In re Chinchilla)*, 202 B.R. 1010, 1013, (Bankr.S.D.Fla.1996), citing *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1283 (9th Cir.1996). The elements of fraud are:

(1) the debtor made the representations;

(2) that at the time he made those representations the debtor knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations; and

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations made.

*Id.* When a creditor can prove that a cash advance was for more than $1,000 and it was obtained within 60 days of the filing of the bankruptcy petition, the presumption arises "that the debtor incurred the debt without the intention to repay the obligation." *AT&T Universal Card Services Corp. v. Acker (In re Acker)*, 207 B.R. 12, 16 (Bankr. M.D.Fla.1997), quoting *American Express Centurion Bank v. Hinshaw (In re Hinshaw)*, 199 B.R. 786, 791 (Bankr.M.D.Fla. 1995). Once the presumption has arisen, the debtor must show that he intended to repay the debt. *In re Acker* at 16, citing *In re Chinchilla* at 1014. Absent the presumption, the standard for determining dischargeability is by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

 In this case, the Debtor obtained the $2,500 cash advance forty-three days before filing the petition. Hence, the burden is initially upon the Debtor to prove that he did not fraudulently obtain the cash advance. 11 U.S.C. § 523(a)(2)(C). In other words, the Debtor must show some quantum of proof to overcome the presumption that he did not intend to repay the debt. *In re Acker* at 16.

The evidence presented in this very close case is equally balanced for the Bank and the Debtor. The evidence is also equally consistent with the proposition that the Debtor obtained the cash advance with no intent to repay the debt. This is especially true in light of the fact that the document offered by the Debtor at the hearing to prove that he intended to repay the debt, that is, the receipt from Global Services, facially indicates that the Debtor transferred $5,000 to Global Services on August 31, 1997, two days before the $2,500 cash advance from the Bank was posted. For the foregoing reasons, the Debtor has failed to present sufficient evidence to overcome the presumption that the cash advance is nondischargeable.

A separate final judgment will be entered by this Court.